**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JAMES PINKNEY, on behalf of himself and all others similarly situated,

                Plaintiffs,

-against-

CONVERGENT OUTSOURCING, INC.

                Defendant.

**CIVIL ACTION**

**CLASS ACTION COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

Plaintiff JAMES PINKNEY (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Daniel Cohen, PLLC, against Defendant CONVERGENT OUTSOURCING, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

6. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. On information and belief, Defendant's principal place of business is located in Renton, Washington.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in

business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a (6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using the same unlawful form letter herein, from one year before the date of this Complaint to the present.
- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a.   Whether Defendant violated various provisions of the FDCPA;
    b.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

3

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If

       Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS PARTICULAR TO JAMES PINKNEY

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to July 14, 2017, an obligation was allegedly incurred by Plaintiff to Cavalry SPV I, LLC ("Cavalry").

16. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The alleged Cavalry obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. Cavalry is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. At a time known only to Defendant, Cavalry, directly or through an intermediary, contracted Defendant to collect Cavalry's debt.

22. In its effort to collect on the Cavalry obligation, Defendant contacted Plaintiff by written correspondence on July 14, 2017.  See Exhibit A.

23. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

24. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. As set forth in the following Counts, Defendant's communication violated the FDCPA.

**First Count**
**15 U.S.C. §1692g et seq.**
**Validation of Debts**

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. Pursuant to 15 USC §1692g, a debt collector:
    (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
    (1) The amount of the debt;
    (2) The name of the creditor to whom the debt is owed;
    (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
    (4) A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
    (5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28. Defendant provided the validation notice as required, however, it was not effectively conveyed.

29. The front of the Collection Letter prominently captions "Reduced Balance Opportunity" and that there are "3 CONVENIENT WAYS TO PAY:"

30. Nowhere on the front of the letter does Defendant indicate that said Letter was the initial communication.

31. Located on the back of the letter, in plain, single-spaced font is the validation language required by 15 U.S.C. § 1692g.

32. However, the letter contains no transitional language explaining that Defendant's demand for payment, and settlement offer, does not override the consumer's right to dispute the debt or demand validation of the debt.

33. Furthermore, the entire front page of the Letter solely discusses the opportunity to settle the less, noting that Plaintiff should call within 60 days of the date on the letter.

34. Thus, Plaintiff's validation rights were effectively overshadowed because Defendant demanded payment without sufficiently communicating to Plaintiff that he has the right to dispute the debt.

35. It has been well established that a validation notice required by 15 USC § 1692g "must not be overshadowed or contradicted by accompanying messages from the debt collector." See *Wilson v. Quadramed Corp*., 225 F.3d 350 (3d Cir. 2000).

36. To determine if the validation notice was "overshadowed or contradicted" we look to the least sophisticated debtor standard. *Id* at 354.

37. A validation notice is overshadowed and/or contradicted if it would make the least sophisticated consumer uncertain as to her rights.

38. The above statements would leave the least sophisticated consumer unsure as to whether the Defendant has already assumed the debt is valid making a dispute pointless or whether the Defendant will only assume the debt is valid after thirty days from receipt.

39. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. Wilson, 225 F.3d at 354, citing *Miller v. Payco–General Am. Credits, Inc*., 943 F.2d 482, 484 (4th Cir.1991).

40. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

41. The rights afforded to consumers under Section 1692g(a) are amongst the most powerful protections provided by the FDCPA.

42. Once a consumer makes a timely, written notice of dispute to the debt collector, the debt collector is required by law to cease collection of the account until verification of the debt is obtained.

43. Defendant's violations of the FDCPA created the risk of real harm that Plaintiff would not attempt to dispute his debt.

44. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Daniel Cohen, PLLC, as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Daniel Cohen
Daniel Cohen, Esq.
Daniel Cohen, PLLC
300 Cadman Plaza W, 12th floor
Brooklyn, New York 11201
Phone: (646) 645-8482
Fax:    (347) 665-1545
Email: Dan@dccohen.com
*Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Daniel Cohen*
Daniel Cohen, Esq.

Dated:   Brooklyn, New York
           December 19, 2017